**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. ROBBY S. ARRINGTON, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No.  18-CV-105-RAW |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| 1. NOBLE FINANCE CORP., a domestic, ) | **ATTORNEY'S LIEN CLAIMED** |
| Corporation, ) | **FOR THE FIRM** |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Robby S. Arrington ("Plaintiff"), through his attorney of record, Charles C. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to Section 16(b) and Section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"), and the Oklahoma Protection of Labor Act, as amended, Okla. Stat. tit. 40, §§ 165.1, *et seq*. (the "OPLA"), against Defendant, Noble Finance Corp. ("Defendant"). In support thereof, Plaintiff hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff was, at all times relevant to this cause of action, employed by Defendant within the Eastern District of Oklahoma at Defendant's facility located in Ada, Oklahoma.

2. Plaintiff was, at all times relevant to this cause of action, domiciled in and a citizen of the State of Oklahoma residing in Ada, Oklahoma.

3. Plaintiff was, at all relevant times, an "employee engaged in commerce" within the meaning of the FLSA and was therefore entitled to the protections afforded by the overtime provisions of the FLSA and has standing under Section 16(b) to maintain this action.

1

4. Plaintiff was, at all relevant times, an "employee" as defined by the FLSA in that he was employed by an employer as that term is defined by the Act and was therefore entitled to the protections afforded by the anti-retaliation provisions of the FLSA and has standing under Section 15(a)(3) to maintain this action.

5. Plaintiff was, at all relevant times, an employee within the meaning of Okla. Stat. tit. 40, §§ 165.1, *et seq.* and was therefore entitled to the protections afforded by the OPLA and has standing under that law to maintain this action.

6. At all times relevant to this action, Defendant was an "employer" within the meaning of the FLSA and the OPLA.

7. At all times relevant to the action, Defendant maintained an annual gross volume of sales made or business done of at least $500,000 and, as such, is covered by the terms of the FLSA.

8. The acts and/or omissions giving rise to this lawsuit occurred in Ada, Pontotoc County, State of Oklahoma.

9. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Eastern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in the Eastern District of Oklahoma.

## OPERATIVE FACTS

11. In November of 2015, Plaintiff was contacted by the Vice President of Royal Management Company ("RMC"), Dan Belcher, and was recruited to work at RMC's location in Ada, Oklahoma – Noble Finance Corp.

12. On or about November 24, 2015, Plaintiff began his employment with Noble Finance Corp. as a Manager-in-Training at Defendant's Ada, Oklahoma location.

13. Plaintiff's employment progressed in a satisfactory manner and he was recognized as the "#1 New Manager" within three months of his hire.

14. As a Manager-in-Training, Plaintiff was initially placed in a salary position even though he did not meet any of the exemptions under the FLSA. In this position, and continuing throughout his employment, Plaintiff regularly worked between 70 and 90 hours per week.

15. Plaintiff's status was changed from a salaried employee to one paid on an hourly basis beginning March 14, 2016. Immediately prior to this change, Plaintiff was informed by his supervisor, Robert Ferrell, that he was expected to continue working the same hours he had put in while on salary but that he could only record a maximum of 50 hours per week on his time card. Plaintiff complied with this directive throughout the remainder of his employment and only recorded a maximum of 50 hours per week on his time cards. Accordingly, Plaintiff was only paid for a maximum of 10 hours of overtime per week even though he worked significantly more overtime than what he was permitted to claim.

16. The first week of September of 2016, Plaintiff contacted the Vice President of Operations, Jose Oliveros, regarding issues he was having in his store. During this conversation, Mr. Oliveros inquired as to the number of hours that Plaintiff was working. Plaintiff then informed Mr. Oliveros

that he was working between 70 and 90 hours per week but that he had been instructed by Mr. Ferrell to record no more than 50 hours worked per week on his time card. Although Mr. Oliveros inquired extensively regarding this practice, he did not provide any guidance to Plaintiff regarding whether this practice was proper or not.

17. Shortly after informing Mr. Oliveros of the directive he had received from Mr. Ferrell regarding the recordation of his time, on September 6, 2016, Plaintiff was terminated for allegedly falsifying documents while an employee.

18. The reason provided for Plaintiff's termination were pretextual and designed to cover up the true reason for Plaintiff's termination – his protected complaint regarding Defendant's failure to pay Plaintiff for all hours he worked as an employee.

19. Defendant, after Plaintiff's employment was terminated, failed to pay Plaintiff for the hours he worked over the last 3 days of his employment.

20. Plaintiff made demand on Defendant, more particularly to Jose Oliveros, for payment regarding the last three days he worked, to no avail.

## FIRST CLAIM
**(Failure to pay overtime in violation of the FLSA)**

21. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

22. At all times relevant to this claim, Plaintiff was employed by Defendant as a Manager-in-Training.

23. At all times relevant to this claim, Plaintiff regularly worked in excess of forty (40) hours per week in performance of duties assigned by Defendant but was not compensated at a rate of one and one-half (1.5) times his regular hourly wages for all hours worked in excess of forty in a workweek.

24. Plaintiff was not exempt from the overtime compensation requirements of the FLSA under any exemptions set forth in the Act.

25. At all times relevant to this claim, Defendant had a statutory duty to maintain accurate time records covering all hours Plaintiff worked and to compensate Plaintiff at a rate of one and one-half (1.5) times his regular hourly wages for all hours worked in excess of forty in one work week.

26. Defendant failed to properly compensate Plaintiff for overtime worked and that failure was a knowing, willful and intentional violation of the FLSA.

**WHEREFORE**, premises considered, Plaintiff prays that the Court adjudge Defendant in violation of the FLSA; enjoin Defendant from any further violations of the Act pursuant to Section 17 of the FLSA; require that Defendant maintain accurate and complete time records on all non-exempt employees; compensate Plaintiff for all hours worked in excess of forty (40) hours per week in accordance with the Act; and, after adjudication of the amount due to Plaintiff, that the Court enter a final judgment against Defendant in the amount due to Plaintiff for unpaid wages, with prejudgment interest thereon, liquidated damages equal to the unpaid overtime, attorney fees and costs pursuant to Section 16(b) of the FLSA; and grant such other and further relief as the Court may deem to be just and proper.

## SECOND CLAIM
**(FLSA Retaliation)**

27. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state, as follows:

28. Plaintiff engaged in protected activity under the FLSA when he reported the directive to only record 50 hours per week on his time sheet and the fact that he regularly worked between 70 and 90 hours per week to Jose Oliveros.

29. Plaintiff suffered an adverse employment action shortly after his protected report of violations of the FLSA.

30. A causal connection between Plaintiff's protected activity and the adverse action exists in that Plaintiff was terminated less than one week after engaging in the protected activity described herein.

31. As a direct result of Plaintiff's complaints, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, terminating his employment.

32. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to report the wage theft he was subjected to in the workplace.

33. Defendant's actions were willful and recklessly indifferent to Plaintiff's rights, thus warranting punitive damages.

34. As a direct and proximate result of Defendant's actions, Plaintiff has, is now, and will continue to suffer lost wages, fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

**WHEREFORE**, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (Failure to pay wages in violation of the OPLA)

35. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state, as follows:

36. At all times relevant to this cause of action, Okla. Stat. tit. 40, §§ 165.1, *et seq.* required an employer to pay all wages due, other than to "exempt employees."

37. At all times relevant to this cause of action, Okla. Stat. tit. 40, §§ 165.1, *et seq.* defined an exempt employee as "management level employees except under the provisions of Section 213 of the FLSA, 29 U.S.C. § 213, from the provisions of Section 206 and 207 of said Act."

38. At all times relevant to this claim, Plaintiff was not considered exempt from the provisions of the Act which require payment of all wages due at the next-scheduled payroll subsequent to Plaintiff's termination.

39. Defendant failed, and wholly refused, after receipt of demand for payment, to compensate Plaintiff for the hours he worked over the final days of his employment.

40. The aforementioned failure is in direct violation of Okla. Stat. tit. 40, §§ 165.1, *et seq*.

41. As a direct and proximate result of Defendant's willful violation of Okla. Stat. tit. 40, §§ 165.1, *et seq.*, Plaintiff has suffered and continues to suffer loss of income.

42. Pursuant to Okla. Stat. tit. 40, §§ 165.1, *et seq.*, Plaintiff is also entitled to liquidated damages for Defendant's failure to pay all wages due, costs and fees of any nature, and reasonable attorney fees for bringing this action.

**WHEREFORE**, premises considered, Plaintiff prays that Defendant appears and answers this Complaint, and that this Court declare the conduct Defendant engaged in to be in violation of Plaintiffs' rights, enjoin Defendants from engaging in such conduct, enter a judgment for Plaintiffs in an amount in

equal to the actual and liquidated damages incurred for Defendant's violation, in an amount to be determined, plus interest, costs and attorney fees, and to grant Plaintiffs such other and further relief as this Court may deem just, proper and equitable.

        Respectfully submitted,

        **ARMSTRONG & VAUGHT, P.L.C.**

        By: *s/ Charles C. Vaught*
        **Charles C. Vaught, OBA #19962**
        2727 East 21st Street, Suite 505
        Tulsa, OK 74114
        (918) 582-2500 – *telephone*
        (918) 583-1755 – *facsimile*
        ***Attorney for Plaintiff***